**Tjandani AMIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–74693.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed Sept. 4, 2008.

---

Joseph S. Porta, Law Offices of Cohen Porta & Kim, Los Angeles, CA, for Petitioner.

Ann Carroll Varnon, Alison Marie Igoe, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

### ORDER

The memorandum disposition filed on May 5, 2008, 276 Fed.Appx. 708, is withdrawn. A replacement memorandum is being filed concurrently with this order.

Petitioner's petition for panel rehearing is denied as moot.

Petitioner's request for an extension of time to file the petition for panel rehearing is denied as moot because she timely filed the petition for panel rehearing.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Tjandani Amin, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

The record does not compel the conclusion that Amin produced evidence sufficient to establish past persecution. *See id.* at 481 n. 1, 112 S.Ct. 812; *see also Nagoulko v. INS*, 333 F.3d 1012, 1016–17 (9th Cir.2003) (finding that petitioner did not suffer past persecution, although she was pushed, teased, bothered, discriminated against and harassed, because she never suffered any significant physical violence). Furthermore, even as a member of a disfavored group who needs to show only a comparatively low level of individualized risk, the general discrimination and harassment Amin experienced do not establish a well-founded fear of persecution. *Cf. Sael v. Ashcroft*, 386 F.3d 922, 927–30 (9th Cir.2004); *see also Lolong v. Gonzales*, 484 F.3d 1173, 1179–81 (9th Cir. 2007) (en banc) (requiring petitioner to show that she faces an individualized risk of persecution).

Because Amin failed to meet the lower standard of proof required to establish eligibility for asylum, she necessarily failed to show that she is entitled to withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

** This disposition is not appropriate for publication and is not precedent except as provid-

In her opening brief, Amin fails to address, and therefore has waived any challenge to, the IJ's denial of CAT protection. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**